IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **MARION CARREON,** <br><br> **Plaintiff,** <br><br> -v- <br><br> **EQUIFAX INFORMATION SERVICES, LLC,** <br><br> **Defendant.** | Civil Case Number: <br><br> <u>**CIVIL ACTION**</u> <br><br> **COMPLAINT** <br> **AND** <br> **DEMAND FOR JURY TRIAL** |

## **INTRODUCTION**

1. Plaintiff, Marion Carreon, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging that Equifax Information Services, LLC ("Equifax") failed to follow reasonable procedures to ensure maximum accuracy of credit reports they prepared concerning Plaintiff.

2. Plaintiff further alleges that Equifax failed to disclose to her the contents of her credit file, as required by law, resulting in the Plaintiff's inability to obtain credit and the loss of credit.

3. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## **JURISDICTION**

4. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Defendant regularly conducts business within the state of Texas and violated Plaintiff's rights under the FCRA in the state of Texas as alleged more fully below.

5. Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this

district, Defendant conducts business in this district, and communications giving rise to this action occurred in this district.

## PARTIES

6. Plaintiff, Marion Carreon ("Plaintiff"), is a resident of Laredo, Texas and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Defendant Equifax Information Services, LLC ("Equifax") is one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

8. Equifax is a limited liability company with its principal place of business at 1550 Peachtree Street & One Atlantic Center, Atlanta, Georgia.

## FACTUAL ALLEGATIONS

9. Since early 2023, Plaintiff has been attempting to obtain credit, including personal loans that she needs.

10. The Plaintiff has stellar credit, with dozens of multiple accounts in good standing reporting positive credit history to the credit bureaus over the past several years, from well-known companies such as Citibank, Comenity and Capital One.

11. When the Plaintiff's potential lenders attempted to pull Plaintiff's credit reports, however, Equifax has repeatedly refused to provide these lenders with Plaintiff's credit report.

12. Plaintiff then attempted to obtain her credit file from Equifax, in order to see what was

causing this issue, reaching out both by phone and letter.

13. For example, in January 2023, the Plaintiff called Equifax and asked for a copy of her credit file. At that time, Equifax claimed that there was a block on the Plaintiff's consumer file, and that the block would be removed, which would resolve the Plaintiff's issue.

14. Despite Equifax's assurances, the issue was never resolved and the Plaintiff was never provided a copy of her credit file.

15. In March 2023, the Plaintiff then submitted a written request for her credit file to all three credit bureaus.

16. While other credit bureaus, such as Experian, readily provided Plaintiff with a copy of her credit file in response to her letter, Equifax refused to do so.

17. Instead, Equifax mailed a letter to the Plaintiff – *addressed to the Plaintiff's mother* – claiming that more information was needed to access the requested credit file.

18. To this day, the Plaintiff – and her lenders – have been unable to obtain the Plaintiff's credit file from Equifax.

19. Upon information and belief, Equifax does, in fact, maintain information relating to the Plaintiff's credit history, including her positive accounts with Citibank, Comenity and Capital One.

20. Nonetheless, because Equifax failed to properly associate these accounts with the Plaintiff, and instead has apparently mixed up the Plaintiff with her mother, the Plaintiff is depicted as having no credit history on file, when this simply isn't true.

21. As a result of Equifax's failure to provide a credit report to the Plaintiff or to her lenders, Plaintiff was left unable to obtain any credit, including the personal loans she desperately needs.

22. At all times pertinent hereto, Equifax's conduct was both negligent and willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681e(b) and 1681g of the FCRA.

23. As a direct and proximate result of the Defendant's willful and/or negligent failure to assure maximum possible accuracy as mandated by the FCRA, Plaintiff has been harmed in her daily life. For example, Plaintiff has been denied multiple loans she has applied for, in addition to the emotional distress that has been suffered as a result.

<u>**COUNT I**</u>
**FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY**
**15 U.S.C. § 1681e(b)**
**AGAINST EQUIFAX**

24. All preceding paragraphs are realleged.

25. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

26. Were Equifax to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have correctly associated the Plaintiff with the Plaintiff's accounts, so that the Plaintiff's credit reports would have accurately reflected the Plaintiff's good credit history.

27. Defendant's conduct was willful because Equifax clearly was able to determine that it was mixing up another individual's credit file with the Plaintiff's credit file, but it still nevertheless refused to correct this information.

28. Moreover, Defendant has long been aware of widespread issues with its matching algorithms causing inaccurate information to appear in their consumer files due to merged files and has

nevertheless continued to persist in its conduct and failing to prevent this situation from occurring.

29. As a direct and proximate result of Equifax's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

## COUNT II
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681g
## AGAINST EQUIFAX

30. All preceding paragraphs are realleged.

31. At all times pertinent hereto, Equifax was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

32. The FCRA provides that every consumer reporting agency shall, upon request, clearly and accurately disclose to the consumer *inter alia* (1) the contents of the consumer's credit file, (2) the sources of that information, (3) the information of each person who obtained the consumer's file, and (4) a record of all inquiries received by the agency during the 1-year period preceding the request that identified the consumer in connection with a credit or insurance transaction that was not initiated by the consumer.

33. Plaintiff requested her credit file from Equifax, in writing and over the phone, several times throughout 2023, in an attempt to see why her credit information was not being accurately relayed by Equifax.

34. Despite receiving these requests, and whatever additional information requested of the Plaintiff, Equifax has failed to disclose to the Plaintiff the contents of her consumer file.

35. As a direct and proximate result of Equifax's willful and/or negligent refusal to comply

with Section 1681g of the FCRA, Plaintiff has been harmed, as explained above.

## DEMAND FOR TRIAL BY JURY

36. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

A. Awarding Plaintiff actual damages;

B. Awarding Plaintiff statutory damages;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E. Awarding pre-judgment interest and post-judgment interest;

F. A declaration that the Defendant's conduct alleged herein is unlawful, as set forth more fully above;

G. Equitable relief, enjoining the Defendant from engaging in the unjust and unlawful conduct alleged herein; and

H. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: February 15, 2024

By:   /s/ Yitzchak Zelman
Yitzchak Zelman
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorney for Plaintiff*